**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Isela Quintana**, <br><br> Plaintiff, <br><br> vs. <br><br> **C.T.C Cleaning Services LLC**, an Arizona limited liability company, and **Carlos Toro and Jane Doe Toro**, a Married Couple, <br><br> Defendant. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Isela Quintana ("Plaintiff" or "Isela Quintana"), sues the Defendants, C.T.C. Cleaning Services LLC ("C.T.C Cleaning Services"), and Carlos Toro and Jane Doe Toro (collectively, all Defendants are referred to as "Defendants"), and alleges as follows:

## **PRELIMINARY STATEMENT**

1.  This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum

-1-

Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

8. At all material times, Defendant C.T.C. Cleaning Services LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant C.T.C. Cleaning Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant C.T.C. Cleaning Services LLC owned and operated as "C.T.C Cleaning Services," a commercial cleaning business doing business in Chandler, Arizona.

10. Under the FLSA, Defendant O C.T.C. Cleaning Services LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant C.T.C. Cleaning Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's

employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant C.T.C. Cleaning Services LLC is subject to liability under the FLSA.

11. Defendants Carlos Toro and Jane Doe Toro are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Carlos Toro and Jane Doe Toro are owners of Defendant C.T.C Cleaning Services LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Carlos Toro and Jane Doe Toro are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Carlos Toro and Jane Doe Toro had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant C.T.C Cleaning Services. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Carlos Toro and Jane Doe Toro are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

27. Defendants own and/or operate as "C.T.C Cleaning Services LLC," a company that cleans commercial properties located in Maricopa County, Arizona.

28. At all relevant times, Plaintiff worked for Defendants from approximately April 2020, through approximately November 2022.

29. Defendants, in their sole discretion, agreed to pay Plaintiff approximately $5,650 per month for all hours she worked, regardless of the number of hours she worked, and regardless of whether she worked in excess of 40 hours in a given workweek.

30. In her work for Defendants, Defendants did not use a time clock to record the hours that Plaintiff worked for them.

31. Plaintiff, in her work for Defendants, generally worked in excess of 40 hours per week.

32. Plaintiff, in her work for Defendant, generally worked approximately 98 hours per week.

33. Plaintiff, in her work for Defendants, generally worked in excess of 40 hours per week without being paid overtime for such time.

34. Plaintiff, in her work for Defendant, generally worked approximately 98 hours per week without being paid overtime for such time.

35. Rather than classify Plaintiff as an employee, Defendants classified her as an independent contractor.

36. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

37. Defendants controlled Plaintiff's schedules.

38. In her work for Defendants, Plaintiff used equipment owned by Defendants.

39. At all relevant times, Plaintiff was economically dependent on Defendants.

40. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay overtime to Plaintiff;

    c. Defendants supervised Plaintiff and subjected her to their rules;

    d. Plaintiff had no opportunity for profit or loss in the business;

    e. The services rendered by Plaintiff in her work for Defendants was integral to Defendants' business;

    f. Plaintiff was hired as a permanent employee, generally working in excess of 40 hours per week for more than two years;

    g. Plaintiff had no right to refuse work assigned to her by Defendants;

    h.  Defendants did not allow her to work for other cleaning companies.

41. Plaintiff worked for Defendants until approximately October 25, 2022.

42. During Plaintiff's employment with Defendants, Plaintiff typically worked approximately 98 hours per week.

43. For her final two months of work, Defendants failed to compensate Plaintiff any wages whatsoever for any time that she worked.

44. As such, Defendants failed to compensate Plaintiff any wages whatsoever for the final approximately nine workweeks she worked for them.

45. Therefore, for the final approximately nine workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

46. Defendants did not compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

47. As a result of Defendants' willful failure to compensate Plaintiff any overtime wage whatsoever for the hours she worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

48. As a result of not having paid any wage whatsoever to Plaintiff for her final approximately nine workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

49. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

50. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

51. As a result of Defendant's willful failure to compensate Plaintiff her wages for such hours worked, Defendant violated the AMWA, A.R.S. § 23-350, et seq.

52. Plaintiff was a non-exempt employee.

53. Plaintiff was not a manager in his work for Defendants.

54. Plaintiff did not have supervisory authority over any employees in her work for Defendants.

55. Plaintiff did not possess the authority to hire or fire employees in her work for Defendants.

56. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in her work for Defendants.

57. Plaintiff did not direct the work of two or more employees in her work for Defendants.

58. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in her work for Defendants.

59. Plaintiff did not perform office or non-manual work for Defendants in her work for Defendants.

60. Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise in her work for Defendants.

61. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

62. Plaintiff is a covered employee within the meaning of the FLSA.

63. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper minimum wage or overtime rate would violate state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

64. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper minimum wage rate would violate state law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

65. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

66. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

67. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

68. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

71. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

72. As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 207.

73. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

74. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

75. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law,

and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

76. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

77. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Isela Quintana, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

    ii. Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT
FAILURE TO PAY MINIMUM WAGE**

78.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.   As a result of failing to compensate Plaintiff any wages whatsoever for her final approximately nine workweeks for Defendants, Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

80.   As a result of failing to compensate Plaintiff any wages whatsoever for her final approximately nine workweeks for Defendants, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked, in violation of 29 U.S.C. § 206.

81.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper minimum wage rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

82.   Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

83. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Isela Quintana, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

   i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### **COUNT THREE: ARIZONA MINIMUM WAGE ACT**
### **FAILURE TO PAY MINIMUM WAGE**

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. As a result of failing to compensate Plaintiff any wages whatsoever for her final approximately nine workweeks for Defendants, Defendants willfully failed or refused to pay Plaintiff the Arizona minimum wage.

86. As a result of failing to compensate Plaintiff any wages whatsoever for her final approximately nine workweeks for Defendants, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked, in violation of A.R.S. § 23-363.

87. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper minimum wage rate would violate federal and state law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

88. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

89. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Isela Quintana, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT C.T.C CLEANING SERVICES LLC ONLY**

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. As a result of the allegations contained herein, Defendant C.T.C Cleaning Services LLC did not compensate Plaintiff wages due and owing to her.

92. Defendant C.T.C Cleaning Services LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

93. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant C.T.C Cleaning Services LLC.

94. Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Isela Quintana, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant C.T.C Cleaning Services LLC:

A. For the Court to declare and find that the Defendant C.T.C Cleaning Services LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 18th day of November, 2022.

                        BENDAU & BENDAU PLLC

                        By: /s/ *Clifford P. Bendau, II*
                        Clifford P. Bendau, II
                        Christopher J. Bendau
                        *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Isela Quintana, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

Isela Quintana
Jesús Isela Quintana sinaloa (Nov 18, 2022 15:05 MST)
Isela Quintana